UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE SEPTEMBER 11, 2001 LITIGATION
------------------------------------------------------------x


CHRISTINE K. FISHER, Individually and as Personal
Representative of the Estate of GERALD P. FISHER,
Deceased, and on behalf of all survivors of
GERALD P. FISHER;

AND

IRENE M. GOLINSKI, Individually and as
Personal Representative of the Estate of RONALD
F. GOLINSKI, Deceased, and on behalf of all
survivors of RONALD F. GOLINSKI;

AND

JULIA P. SHONTERE, Individually, and as
Personal Representative of the Estate of ANGELA M. HOUTZ,
Deceased, and on behalf of all survivors of ANGELA M. HOUTZ;

AND

SHIRLEY N. WILLCHER, Individually and as Personal
Representative of the Estate of ERNEST M. WILLCHER,
Deceased and on behalf of all survivors of ERNEST M. WILLCHER;

      Plaintiffs

v.                                                                    **Civil Action**
                                                                        03 CV 6966

AMR CORPORATION, et al.

      Defendants.
_____x


## MOTION FOR ADMINISTRATIVE ORDER

      Plaintiffs, (i) CHRISTINE K. FISHER, Individually and as Personal Representative of the Estate of GERALD P. FISHER, Deceased, and on behalf of all

survivors of GERALD P. FISHER; (ii) IRENE M. GOLINSKI, Individually and as Personal Representative of the Estate of RONALD F. GOLINSKI, Deceased, and on behalf of all survivors of RONALD F. GOLINSKI; (iii) JULIA P. SHONTERE, Individually, and as Personal Representative of the Estate of ANGELA M. HOUTZ, Deceased, and on behalf of all survivors of ANGELA M. HOUTZ; and (iv) SHIRLEY N.WILLCHER, Individually and as Personal Representative of the Estate of ERNEST M. WILLCHER, Deceased and on behalf of all survivors of ERNEST M. WILLCHER (collectively called "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Motion for an Administrative Order directing as follows:

(1) directing the Clerk to docket the Second Amended and Segregated Complaint filed by CHRISTINE K. FISHER in the above referenced case, and instructing that CHRISTINE K. FISHER shall be the sole plaintiff in case no. 03 CV 6966 (a copy of the Second Amended and Segregated Complaint filed by CHRISTINE K. FISHER is attached hereto as Exhibit A);

(2) directing the Clerk to docket the Second Amended and Segregated Complaints filed by IRENE M. GOLINSKI, JULIA P. SHONTERE, and SHIRLEY N.WILLCHER as three separate actions, each with its own case number (copies of the Second Amended and Segregated Complaints filed by IRENE M. GOLINSKI, JULIA P. SHONTERE, and SHIRLEY N.WILLCHER are respectively attached hereto as Exhibits B, C, & D);

(3) directing the Clerk to docket the Second Amended and Segregated Complaints *nunc pro tunc* as filed on September 10, 2003 (the date the initial Complaint was filed); and

(4) Ordering that service of the four Second Amended and Segregated Complaints shall be deemed effective when served on the Aviation and Ground Defendants' Liaison Counsel, all other Liaison Counsel, the United States Attorney's Offices and Beth Jacob, Esq., as set forth in the Court's March 10, 2005 Order.

In support of its Motion Plaintiffs state as follows:

1. On September 10, 2003, Plaintiffs, among others, jointly filed a Complaint against multiple defendants, arising from the fatal injuries sustained by the respective decedents and the wrongful deaths that occurred as a result of the hijacking and crash of American Airlines Flight 77 into the Pentagon in Arlington, Virginia on September 11, 2001.

2. To date the Plaintiffs' cases have been joined together in the above referenced case number 03 CV 6966. This case has been administered as a single action.

3. On August 1, 2006 the Court entered an order instructing that "all individual claims currently joined in one Complaint in 21 MC 97 should be asserted as separate actions no later than August 4, 2006." The Court further ordered that "all new complaints filed in compliance with this order will be deemed filed nunc pro tunc as of the date of filing of the initial complaint."

4. On July 28, 2006, in compliance with the Court's August 1, 2006 Order, Plaintiffs filed four separate Segregated and Amended Complaints in the above referenced case, attaching a copies of the original complaint filed September 10, 2003 and the Second Amended Flight 77 Master Liability Complaint.

5. The Segregated and Amended Complaints were not docketed as four separate cases.

6. Plaintiffs mailed each of the four Segregated and Amended Complaints, along with exhibits, to Desmond Barry, the Aviation Defendants' Liaison Counsel.

7. On August 24, 2006 Plaintiffs' counsel also emailed copies of the Segregated and Amended Complaints with exhibits to Desmond Barry and all Liaison counsel, requesting that Liaison Counsel circulate the Segregated and Amended Complaints and that all defendants accept service via email. A copy of the August 24, 2006 Email is attached hereto as Exhibit E.

8. Soon after the August 24, 2006 Plaintiffs' counsel received several emails from individual defendants refusing to accept service of the Segregated and Amended Complaints via email. Copies of two emails, dated August 24, 2006 and August 26, 2006 are collectively attached hereto as Exhibit F.

9. The Plaintiffs do not believe they are required to re-serve the Segregated and Amended Complaints pursuant to Rule 4 of the Federal Rules of Civil Procedure, as the original complaint was properly served in or around January 2004.

10. Rule 5 of the Federal Rules of Civil Procedure provides: "every pleading subsequent to the original complaint" shall be served pursuant to Rule 5(b). Rule 5(b)(1) allows for service of pleadings on counsel.

11. Generally amended complaints are served pursuant to Rule 5, and the rigors of proper Rule 4 service are not implicated. *See Mach v. Florida Casino Cruise, Inc.*, 187 F.R.D. 15, 17 (D.Mass.1999).

12. Moreover, the Court's March 10, 2005 Order states, "[s]ervice by plaintiff's on the defendants of all liability and consolidated pleadings, papers and documents shall be effected by services upon the Aviation and Ground Defendants'

Liaison Counsel...." The Order further requires that "all pleadings and other papers served .... shall be served upon all Liaison Counsel by electronic mail ..."

13. The Plaintiffs service of the July 28, 2006 Segregated and Amended Complaints complied with Federal Rules of Civil Procedure and the Court's March 10, 2005 Order.

Wherefore, Plaintiffs (i) CHRISTINE K. FISHER, Individually and as Personal Representative of the Estate of GERALD P. FISHER, Deceased, and on behalf of all survivors of GERALD P. FISHER; (ii) IRENE M. GOLINSKI, Individually and as Personal Representative of the Estate of RONALD F. GOLINSKI, Deceased, and on behalf of all survivors of RONALD F. GOLINSKI; (iii) JULIA P. SHONTERE, Individually, and as Personal Representative of the Estate of ANGELA M. HOUTZ, Deceased, and on behalf of all survivors of ANGELA M. HOUTZ; and (iv) SHIRLEY N.WILLCHER, Individually and as Personal Representative of the Estate of ERNEST M. WILLCHER, Deceased and on behalf of all survivors of ERNEST M. WILLCHER, respectfully request the Court to issue an Order:

(1) directing the Clerk to docket the Second Amended and Segregated Complaint filed by CHRISTINE K. FISHER in the above referenced case, and instructing that CHRISTINE K. FISHER shall be the sole plaintiff in case no. 03 CV 6966;

(2) directing the Clerk to docket the Second Amended and Segregated Complaints filed by IRENE M. GOLINSKI, JULIA P. SHONTERE, and SHIRLEY N.WILLCHER as three separate actions, each with its own case number;

(3) directing the Clerk to docket the Second Amended and Segregated Complaints *nunc pro tunc* as filed on September 10, 2003; and

(4)   Ordering that service of the four Second Amended and Segregated Complaints shall be deemed effective when served on the Aviation and Ground Defendants' Liaison Counsel, all other Liaison Counsel, the United States Attorney's Offices and Beth Jacob, Esq., as set forth in the Court's March 10, 2005 Order.

Respectfully,

AZRAEL, GANN & FRANZ, LLP

Jonathon A. Azrael

## AFFIDAVIT OF SERVICE

State of Maryland        )
                         ) ss.:
County of Baltimore      )

      Jonathan A. Azrael, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Baltimore, Maryland, and that on the 23rd day of July, 2007, deponent served the within PLAINTIFFS' MOTION FOR ADMINISTRATIVE ORDER with exhibits upon:

1. Desmond T. Barry, Jr. – Aviation Defendants' Liaison Counsel;
2. Marc S. Moller – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
3. Robert A. Clifford – Property Damage and Business Loss Plaintiffs' Liaison Counsel;
4. Richard Williamson – Ground Defendants' Liaison Counsel;
5. Beth Jacob – WTC 7 Ground Defendants' Liaison Counsel; and
6. Beth Goldman – U.S. Attorneys' Office.

by emailing a copy of the papers to the attorneys in accordance with the Court's March 10, 2005 Order.

                                                      Jonathan A. Azrael, Esquire

Sworn to before me this
23rd day of July, 2007

_____
Notary Public