80. As a direct and proximate result of the conduct of all Defendants, the Defendants are jointly and severally liable for damages sustained by Plaintiff and Plaintiff is entitled to recover such damages to the extent allowed under applicable state law.

## COUNT FOUR

### CLAIMS FOR PERSONAL INJURY, WRONGFUL DEATH AND SURVIVAL DAMAGES
### RES IPSA LOQUITUR AGAINST ALL DEFENDANTS

81. Plaintiff incorporates by reference all prior allegations in this Complaint.

82. Defendants, and each of them, had exclusive management and control of the aircraft and airport security systems, through which the hijackers penetrated, and whose actions resulted in damages and death to Plaintiff's decedent. The penetration of the security system and Plaintiff's decedent's death as set forth above are such that in the ordinary course of events would not have occurred if Defendants had exercised ordinary care in the maintenance and operation of the security systems. Because of the Defendants' exclusive control and management of the systems, Defendants are possessed of superior, if not exclusive, access to information concerning the precise cause of the incident, and Plaintiffs rely on the negligence of the Defendants, as inferred from the general circumstances alleged herein. The penetration of the security system was not due to any action or contribution on the part of the Plaintiff.

83. As a result of the foregoing, the injured Plaintiff suffered severe, serious and permanent personal injuries, mental anguish, pain and suffering, and was caused to incur necessary and reasonable expenses, loss of income, loss of consortium and other damages and the decedent was forced to endure severe mental anguish, fear of impending death, and untimely suffered severe physical injuries which caused his death.

84. As a direct and proximate result of the foregoing, the heirs and distributees of the decedent's estates, represented by the Plaintiff, were caused to sustain the loss of income, support, society, love, grief, consortium, services, guidance, care, comfort, companionship and inheritance of the decedent, suffered mental anguish and mental pain and suffering, and were caused to incur other necessary and reasonable expenses as a result of decedent's death, including, but not limited to, funeral and burial costs, and were otherwise damaged.

85. As a direct and proximate result of the foregoing, the Plaintiff's decedent was caused to sustain severe and serious permanent injuries, grievous pain, agony and mental anguish, all prior to decedent's death, with no negligence on the part of the Plaintiff contributing thereto.

86. As a direct and proximate result of the conduct of all Defendants, the Defendants are jointly and severally liable for damages sustained by Plaintiff and Plaintiff is entitled to recover such damages to the extent allowed under applicable state law.

## COUNT FIVE

### CLAIMS FOR PERSONAL INJURY, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON STRICT TORT LIABILITY

87. Plaintiff incorporates by reference all prior allegations in this Complaint.

88. The aforementioned subject aircraft was being used in an intended and foreseeable manner on the morning of September 11, 2001.

89. Defendant Boeing defectively designed the cockpit or flight deck environment, including its door and accompanying locks of the subject aircraft. The design in use on September 11, 2001 of the subject aircraft was unreasonably dangerous in that it could easily be penetrated by a determined passenger. The cockpit door was not secure and the

accompanying locks were insufficient to deter or prevent unauthorized or unlawful entry to thwart a hijacking attack. Alternative and safer designs were available for a nominal increase in cost which would have prevented these terrorists from gaining access to the cockpit on Flight 77.

90. This defective design permitted the terrorists to gain access to the cockpit of Flight 77 and hijack the aircraft. Boeing's defective design was a proximate cause of the death of Plaintiff's decedent.

91. As a result of the foregoing, the injured Plaintiff suffered severe, serious and permanent personal injuries, mental anguish, pain and suffering, and was caused to incur necessary and reasonable expenses, loss of income, loss of consortium and other damages and the decedent was forced to endure severe mental anguish, fear of impending death, and untimely suffered severe physical injuries which caused his death.

92. As a direct and proximate result of the foregoing, the heirs and distributees of the decedent's estate, represented by the Plaintiff, were caused to sustain the loss of income, support, society, love, grief, consortium, services, guidance, care, comfort, companionship and inheritance of the decedent, suffered mental anguish and mental pain and suffering, and were caused to incur other necessary and reasonable expenses as a result of decedent's death, including, but not limited to, funeral and burial costs, and were otherwise damaged.

93. As a direct and proximate result of the foregoing, the Plaintiff's decedent was caused to sustain severe and serious permanent injuries, grievous pain, agony and mental anguish, all prior to decedent's death, with no negligence on the part of the Plaintiff contributing thereto.

94. As a direct and proximate result of the conduct of all Defendants, the Defendants are jointly and severally liable for damages sustained by Plaintiff and Plaintiff is entitled to recover such damages to the extent allowed under applicable state law.

## COUNT SIX

### CLAIMS FOR PERSONAL INJURY, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON NEGLIGENT DESIGN

95. Plaintiff incorporates by reference all prior allegations in this Complaint.

96. Defendant Boeing owed all passengers and crew who fly on its aircraft who might suffer injury or death as a result of improper or unauthorized operation of a Boeing aircraft, including decedents, a duty of care in safely designing the aircraft including a secure cockpit door and accompanying locks.

97. Defendant Boeing recklessly and negligently breached its duty of care by failing to design the cockpit doors and accompanying locks to the subject aircraft in a manner which would prevent hijackers and/or other passengers from accessing the cockpit. The cockpit door on Flight 77 was not secure and the accompanying locks were insufficient to deter or prevent a hijacking.

98. Defendant Boeing knew or should have known that the design of its cockpit door was defective. Defendant Boeing failed to remedy this defect. Defendant Boeing knew or should have known that alternative and safer designs were available for a nominal increase in cost which would have prevented the terrorists from entering the cockpit on Flight 77.

99. The defective design permitted the terrorists to easily gain access to the Flight 77 cockpit on September 11, 2001 and was a proximate cause of the damages sustained by Plaintiff.

100. As a result of the foregoing, the injured Plaintiff suffered severe, serious and permanent personal injuries, mental anguish, pain and suffering, and were caused to incur necessary and reasonable expenses, loss of income, loss of consortium and other damages and the decedent was forced to endure severe mental anguish, fear of impending death, and untimely suffered severe physical injuries which caused his death.

101. As a direct and proximate result of the foregoing, the heirs and distributees of the decedents' estate, represented by the Plaintiff, were caused to sustain the loss of income, support, society, love, grief, consortium, services, guidance, care, comfort, companionship and inheritance of the decedent, suffered mental anguish and mental pain and suffering, and were caused to incur other necessary and reasonable expenses as a result of decedent's death, including, but not limited to, funeral and burial costs, and were otherwise damaged.

102. As a direct and proximate result of the foregoing, the Plaintiff's decedent was caused to sustain severe and serious permanent injuries, grievous pain, agony and mental anguish, all prior to decedent's death, with no negligence on the part of the Plaintiff contributing thereto.

103. As a direct and proximate result of the conduct of all Defendants, the Defendants are jointly and severally liable for damages sustained by Plaintiff and Plaintiff are entitled to recover such damages to the extent allowed under applicable state law.

**COUNT SEVEN**

**CLAIMS FOR PERSONAL INJURY, WRONGFUL DEATH
AND SURVIVAL DAMAGES
<u>AGAINST DEFENDANT BOEING BASED ON BREACH OF WARRANTY</u>**

104. Plaintiff incorporates by reference all prior allegations in this Complaint.

105. Prior to September 11, 2001, Defendant Boeing expressly and/or impliedly warranted and represented that the subject aircraft and its component parts and systems, including, but not limited to, the subject aircraft's structure and airframe, including the subject aircraft's cockpit door, were airworthy, of merchantable quality, and/or fit and safe for the purposes for which they were designed, manufactured, assembled, inspected, tested, distributed, sold, serviced, maintained, and/or repaired, intended and used, and Defendant Boeing further warranted that the subject aircraft and its component parts and systems, including, but not limited to the subject aircraft's structure and airframe, including the subject aircraft's cockpit door, were free from all defects.

106. Defendant Boeing breached said warranties in that the subject aircraft and its component parts and systems, including, but not limited to, the subject aircraft's structure and airframe, including the subject aircraft's cockpit door, were not airworthy, of merchantable quality, and/or fit and safe for the purposes for which they were designed, manufactured, assembled, inspected, tested, distributed, sold, serviced, maintained, and/or repaired, intended and used and further were not free from all defects and said breach of warranties proximately caused the terrorist hijacking, crash, and the damages sustained by Plaintiff.

107. As a result of the foregoing, the injured Plaintiff suffered severe, serious and permanent personal injuries, mental anguish, pain and suffering, and was caused to incur necessary and reasonable expenses, loss of income, loss of consortium and other damages and the decedent was forced to endure severe mental anguish, fear of impending death, and untimely suffered severe physical injuries which caused his death.

108. As a direct and proximate result of the foregoing, the heirs and distributees of the decedent's estate, represented by the Plaintiff, were caused to sustain the loss of income,

support, society, love, grief, consortium, services, guidance, care, comfort, companionship and inheritance of the decedent, suffered mental anguish and mental pain and suffering, and were caused to incur other necessary and reasonable expenses as a result of decedent's death, including, but not limited to, funeral and burial costs, and were otherwise damaged.

109. As a direct and proximate result of the foregoing, the Plaintiff's decedent was caused to sustain severe and serious permanent injuries, grievous pain, agony and mental anguish, all prior to decedent's death, with no negligence on the part of the Plaintiff contributing thereto.

110. As a direct and proximate result of the conduct of all Defendants, the Defendants are jointly and severally liable for damages sustained by Plaintiff and Plaintiff is entitled to recover such damages to the extent allowed under applicable state law.

**WHEREFORE**, the Plaintiff demands judgment against American Airlines, the Other Airline Defendants, the Security Company Defendants, Boeing, and MWAA for all damages to the extent allowed under applicable law.

### JURY DEMAND

Plaintiff demands trial by a jury on all issues so triable.

Dated: July 23, 2007

_Jonathan A. Azrael_
Jonathan A. Azrael
Azrael, Gann and Franz, LLP
101 East Chesapeake Avenue, Fifth Floor
Baltimore, Maryland 21286
(410) 821-6800
(410) 821-1265 (Fax)

## AFFIDAVIT OF SERVICE

State of Maryland                )
                                 ) ss.:
County of Baltimore              )


      Jonathan A. Azrael, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Baltimore, Maryland, and that on the 23rd day of July, 2007, deponent served the within SECOND AMENDED AND SEGREGATED COMPLAINT for Plaintiff, CHRISTINE K. FISHER, Individually and as Personal Representative of the Estate of GERALD P. FISHER, Deceased upon:

1. Desmond T. Barry, Jr. – Aviation Defendants' Liaison Counsel;
2. Marc S. Moller – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
3. Robert A. Clifford – Property Damage and Business Loss Plaintiffs' Liaison Counsel;
4. Richard Williamson – Ground Defendants' Liaison Counsel;
5. Beth Jacob – WTC 7 Ground Defendants' Liaison Counsel; and
6. Beth Goldman – U.S. Attorneys' Office.

by emailing a copy of the papers to the attorneys in accordance with the Court's March 10, 2005 Order.

                                                  _____
                                                  Jonathan A. Azrael, Esquire

Sworn to before me this
23rd day of July, 2007

_____
Notary Public